FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 JAN 28 PM 3 47

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JULIAN E. ROCHESTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 112-184 |
| ) | |
| T.W. THRASH; B. OBAMA, President; ) | |
| GOVERNOR OF GEORGIA; ALLEN ) | |
| WILSON, S.C. Attorney; LARRY ) | |
| CARTLEDGE, Warden; JIM CHILDS; ) | |
| R. BLAKETT; FNU WILSON; FNU ) | |
| HULL; G.G. BRILL; J.F. KING; R.I. ) | |
| LLOYD, U.S. Attorney; W.B. HUNT; R.B. ) | |
| HARWELL; J.F. DUBINA; and, ED ) | |
| CARNES,[1] ) | |
| ) | |
| Respondents. ) | |

___

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

___

Petitioner, an inmate at Perry Correctional Institution in Pelzer, South Carolina, has submitted a *pro se* filing which was docketed as a habeas corpus petition under 28 U.S.C. § 2241. Petitioner seeks to proceed *in forma pauperis* ("IFP"). (Doc. no. 2-2.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** and **CLOSED**.

First, a federal habeas corpus petition brought pursuant to 28 U.S.C. § 2241 must be brought in the United States District Court for the district in which the prisoner is incarcerated. See Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991).

___

[1] The **CLERK** is **DIRECTED** to modify the docket to reflect that Petitioner names "T.W. Thrash" as a Respondent rather than "T.W. Thrasher." (Doc. no. 1, p. 1.)

Moreover, for a non-habeas civil action, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

If a prisoner is not allowed to proceed under § 1915(g), the Court should dismiss the complaint without prejudice, and the prisoner should be required to file a new civil action along with full payment of the filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

Turning to the instant pleading, Petitioner alleges that there is a "nation wide conspiracy," headed by the President of the United States and apparently also including a number of federal judges named as Respondents, to stop his access to the courts and his release from incarceration, and which is also plotting "to kill and let [him] die." (Doc. no. 1, p. 9.) Petitioner also appears to allege that he was "kidnapped" from Augusta, Georgia in 1995 by "two SCDC-Guards," and detained illegally pursuant to invalid warrants and forged indictments. (Id. at 2.) The remainder of Petitioner's nonsensical pleading is either a repetition of these fantastic allegations or is otherwise indiscernible.

Thus, to the extent it can be construed as federal habeas corpus petition under 28 U.S.C. § 2241, this Court plainly lacks jurisdiction, as Petitioner is presently incarcerated in

---

[2]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2

South Carolina.³ The Court is aware that, in the interest of justice, instead of dismissing this action, the Court may transfer the case to the court in which venue would be proper when jurisdiction is lacking. See 28 U.S.C. § 1631. The Court declines to do so, however, based on the nonsensical nature of Petitioner's pleading.

To the extent Petitioner attempts to bring this action as a non-habeas civil action, such as one under 42 U.S.C. § 1985(3), he may not do so because he is a prisoner who has had at least three civil actions dismissed as frivolous pursuant to 28 U.S.C. § 1915(g). See Rochester v. United States Postal Servs., No. 1:07-CV-502-NCT-WWD (M.D.N.C. Oct. 4, 2007); Rochester v. South Carolina, No. 2:03-CV-2057-HMH-RSC (D.S.C. Aug. 12, 2003); Rochester v. United States Dist. Ct. for the N. Dist. of Ga., No. 2:02-CV-3802-HMH (D.S.C. Nov. 19, 2002). Moreover, Petitioner fails to allege that he is "under imminent danger of serious physical injury."⁴

Thus, the Court **REPORTS** and **RECOMMENDS** that, to the extent Petitioner seeks

---

³Petitioner also claims he is attempting to proceed pursuant to 28 U.S.C. § 2255. In order to so proceed, however, a prisoner must be in custody "under a sentence of a court established by Act of Congress." See id. Here, it is not apparent from Petitioner's nonsensical filing that he is imprisoned pursuant to a sentence issued by a federal court, and a search of the online database of federal court records does not reveal any criminal cases involving Petitioner, meaning that proceeding under § 2255 is improper.

⁴The Court is aware that Petitioner asserts that he has multiple ailments, such as his "back [being] broken in 4 places [and] all disks damaged," and other issues that he asserts are "life threatening." (Doc. no. 1, p. 9.) This vague laundry list of medical problems falls well short of establishing that Petitioner is imminent danger, however. See Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 2006) (*per curiam*) (plaintiff's "vague" allegations about denial of medication did not bring him within imminent danger exception where he failed to describe the condition for which he required treatment or "that he suffered any physical injury as a result of not receiving the medication."); see also Gillilan v. Powell, CV 407-132, 2007 WL 3286684, at *2 (S.D. Ga. Nov. 6, 2007) (petitioner's vague and conclusory allegations that "he will die if he is not treated" for gallstones insufficient to establish imminent danger).

habeas corpus relief, his motion to proceed IFP be **DEEMED MOOT**, and to the extent Petitioner is attempting to proceed in a non-habeas civil action, that his motion to proceed IFP be **DENIED**. (Doc. no. 2-2.) In either event, the Court further **REPORTS** and **RECOMMENDS** that Petitioner's motion for appointment of counsel be **DENIED AS MOOT** (doc. no. 2-1), and that this action be **DISMISSED WITHOUT PREJUDICE** and **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of January, 2013, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE