IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JULIAN E. ROCHESTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 112-184 |
| | ) | |
| T.W. THRASH, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. nos. 8, 9). Petitioner commenced this case by submitting a *pro se* filing which was docketed as a habeas corpus petition under 28 U.S.C. § 2241. Petitioner sought to proceed *in forma pauperis* ("IFP"). (Doc. no. 2-2.) Petitioner alleged in his filing that there is a "nation wide conspiracy," headed by the President of the United States and appearing to involve every federal judge who has ruled on a filing from Petitioner, to stop his access to the courts and his release from incarceration, and which was also plotting "to kill and let [him] die." (Doc. no. 1, p. 9.) Petitioner also appeared to allege that he was "kidnapped" from Augusta, Georgia in 1995 by "two SCDC-Guards," and detained illegally pursuant to invalid warrants and forged indictments. (Id. at 2.) As the Magistrate Judge noted, the remainder of Petitioner's nonsensical pleading was either a repetition of these fantastic allegations or otherwise indiscernible.

The Magistrate Judge found that, to the extent Petitioner sought habeas corpus relief under 28 U.S.C. § 2241, jurisdiction was plainly lacking in the Southern District of Georgia, as

Petitioner is incarcerated in South Carolina.[1] The Magistrate Judge further found that Petitioner could not proceed IFP in a non-habeas civil action because he has had three cases dismissed as frivolous, and he failed to establish that he was "under imminent danger of serious physical injury" in accordance with 28 U.S.C. § 1915(g). Ultimately, the Magistrate Judge recommended that this action be dismissed without prejudice.

Petitioner submitted objections to the Magistrate Judge's R&R. (Doc. nos. 8, 9.) Petitioner's objections, however, like all of his filings in this case, are mostly nonsensical. To the extent the objections are responsive to the R&R, Petitioner fantastically alleges that the Magistrate Judge and the undersigned, as well as the Court's docketing clerks, have "joined" the nationwide conspiracy against him, and that the unfavorable findings in the Magistrate Judge's recommendation were "fraud." (See generally doc. nos. 8, 9.) As these objections do not plausibly call into question the Magistrate Judge's analysis in the R&R, they are **OVERRULED**.

Of note, the Magistrate Judge issued the R&R on January 28, 2013. Petitioner then submitted two amendments, however, which, though dated January 26, 2013 (doc. no. 6, p. 5) and January 28, 2013 (doc. no. 7, p. 9), were not received for filing until February 4, 2013. Because Respondents have neither been served nor filed an answer, Petitioner is authorized to amend his pleading as a matter of right. See Fed. R. Civ. P. 15(a)(1). While the preferred method for amendment is to include all allegations in a single document rather than amending in a piecemeal fashion, the Court will in this instance read Petitioner's amendments in conjunction with his original pleading. (See doc. nos. 6, 7.)

That having been said, to the extent his amendments are decipherable, Petitioner simply

---

[1] The Magistrate Judge subsequently recommended that the petition be dismissed rather than transferred under 28 U.S.C. § 1631 because of its nonsensical nature. (Doc. no. 3, p. 3.)

2

reiterates the allegations in his original pleading. Namely, Petitioner again alleges that there is a nationwide conspiracy to prevent his access to the courts and his release from incarceration and to "let [him] die." (Doc. no. 6, pp. 3-4; doc. no. 7, pp. 6-8.) Petitioner likewise repeats the allegation that he was "kidnapped" from Augusta, Georgia, in 1995 and has been detained illegally in South Carolina ever since. (Doc. no. 6, p. 3.) Petitioner has also added, however, that he seeks to proceed under 42 U.S.C. § 1983, the Federal Tort Claims Act, and state tort law. (Id. at 1.)

Thus, the Magistrate Judge's analysis applies with equal force to the pleading as amended. Jurisdiction over a habeas corpus petition brought under 28 U.S.C. § 2241 is still improper here, as Petitioner is incarcerated in South Carolina, and the Court declines to transfer the case pursuant to § 1631 given the nonsensical nature of Petitioner's filings. To the extent Petitioner seeks to proceed in a non-habeas civil action in federal court, he may not do so because he has had three prior cases dismissed as frivolous, and he has failed to establish that he was "under imminent danger of serious physical injury" in accordance with 28 U.S.C. § 1915(g) when he commenced this lawsuit.[2]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the District Court, as modified herein based on Petitioner's amendments. To the extent Petitioner seeks habeas corpus relief, his motion to proceed IFP is **MOOT**, and to the extent Petitioner is attempting to proceed in a non-habeas civil action, his motion to proceed IFP is **DENIED**. (Doc. no. 2-2.) In either event, this case is **DISMISSED WITHOUT**

---

[2]While Petitioner asserts that the purported conspirators identified in his pleading are going to "let [him] die" (doc. no. 6, pp. 3-4; doc. no. 7, pp. 6-8), this conclusory allegation falls well short of establishing imminent danger of serious physical injury. See Skillern v. Jackson, CV 606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) ("[G]eneral and conclusory allegations are not sufficient to establish the imminent threat of serious physical harm.") (citations omitted).

3

**PREJUDICE**, Petitioner's motions for appointment of counsel, for a "speedy hearing," and for discovery are **DENIED AS MOOT** (doc. nos. 2-1, 5-1, 5-2, 10), and this civil action is **CLOSED**.

SO ORDERED this 7th day of March, 2013, at Augusta, Georgia.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```